UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOOKER,<br><br>    Petitioner,<br><br>    v.<br><br>J. LYNCH,<br><br>    Respondent. | No. 2:20-cv-1894 JDP P<br><br>ORDER |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed an application to proceed in forma pauperis and a prison trust fund account statement that, together, make the required showing. ECF Nos. 2 & 5. The petition does not meet procedural requirements, however, and so will be dismissed with leave to amend.

The Rules Governing Section 2254 Cases instruct that, before serving a habeas petition on the respondent, the assigned judge should screen the filing and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The rule permits "dismissal of a habeas petition that on its face reveals a procedural default." *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). Such dismissal should occur only after "provid[ing] the petitioner with adequate notice and an opportunity to respond." *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

Petitioner raises several unexhausted claims attacking a state conviction that occurred in

2014 and in the Sacramento County Superior Court. ECF No. 1 at 1. Claims presented in a federal habeas petition must be exhausted by: (1) being presented to the highest state court that has appropriate jurisdiction; or (2) demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Petitioner has not, according to his own petition, satisfied the first option. *See* ECF No. 1 at 2-5. Neither does the petition make an adequate showing that he has satisfied the second. An unexhausted habeas petition must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Here, dismissal will be without prejudice so that petitioner can address the issue of exhaustion in an amended petition.[1]

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. The petition (ECF No. 1) is DISMISSED with leave to amend. Any amended petition should be filed within thirty days of this order's entry.

DATED: October 5, 2020

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Since the convictions at issue stem from 2014 and fall outside the one-year deadline for filing federal habeas petitions, petitioner should also address the issue of timeliness in his amended petition. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc) (explaining the time limits for state prisoners to file federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996.).